■ FINKELSTEIN MEMORIAL LIBRARY, Respondent, v. CENTRAL SCHOOL DISTRICT No. 2, TOWNS OF RAMAPO, CLARKSTOWN, ORANGETOWN AND HAVERSTRAW, et al., Appellants.— In an action *inter alia* for a judgment declaring that plaintiff's employees are not employees of the defendant school district for the purposes of the State Retirement System and that a certain resolution of the school district's board of education in no way affects plaintiff's contributions to the defendant State Employees' Retirement System, in which action the school district counterclaimed for a declaratory judgment and to recover certain money and asserted an alternative cross claim for the same money against the defendant State Comptroller and said defendant Retirement System, the appeals are from a judgment of the Supreme Court, Rockland County, entered August 19, 1969, in favor of plaintiff upon its motion for summary judgment and the school district's cross motion for summary judgment. Judgment modified, on the law, by (1) striking from the first decretal paragraph the word "against" and substituting therefor the words "with respect to" and (2) striking out the second and third decretal paragraphs and substituting therefor a provision that the action is time-barred under both the four-month limitation of CPLR 217 and the doctrine of laches and that the defendant school district is awarded a money recovery against plaintiff as prayed for in said defendant's counterclaim. As so modified, judgment affirmed, without costs. The defendant Comptroller of the State of New York made a final and binding determination on June 10, 1963. Plaintiff had four months in which to seek a review pursuant to CPLR 217 (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.02). In any event, by permitting more than five years to pass before contesting the issue, plaintiff became barred by laches (*Austin* v. *Board of Higher Educ.,* 5 N Y 2d 430, 442; *Matter of Foy* v. *Schechter,* 1 N Y 2d 604, 612, 615; *Matter of Golden* v. *Joseph,* 307 N. Y. 62, 68; *Matter of Kleinman* v. *Kaplan,* 20 A D

2d 594). We are not here presented with the violation of some constitutional right or the violation of a continuing duty enjoined by law (cf. *Matter of Central School Dist. No. 2* v. *New York State Teachers' Retirement System*, 23 N Y 2d 213; *Matter of Cash* v. *Bates*, 301 N. Y. 258; *Lutheran Church* v. *City of New York*, 27 A D 2d 237). Had we reached the substantive issue of this case we would have reversed the judgment on the merits. A school district is defined as a municipality under subdivision 19 of section 2 of the Retirement and Social Security Law. Participation by a municipality in the retirement system covers all agencies of the municipality (Retirement and Social Security Law, § 30, subd. c). Under the facts here presented there was a reasonable basis for the interpretation made by the Comptroller that the respondent library (a school district library) was an agency of the municipality. We would therefore accept that determination (*Matter of Willcox* v. *Stern*, 18 N Y 2d 195, 203; *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108). Christ, P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur.