OPINION OF THE COURT
Edward O. Provenzano, J.
In an action for a declaratory judgment, defendant moves to dismiss the complaint and/or to drop parties from the action.
*855 Defendant (Blue Shield) contracted with plaintiff Dexter and with the husband of plaintiff Capadano to provide certain surgical, obstetrical and in-hospital medical care to the subscribers and eligible members of their families. The contracts provided, inter alia, that (1) payments for covered services by a "participating” physician would be made directly to such physician; (2) payments for covered services by "non-participating” physicians would be made directly to the subscriber; (3) "the benefits of’ the contracts were personal to the subscribers and were not assignable; and (4) "[N]o action at law shall be brought hereunder against” the defendant "unless commenced within twelve months from the date when services were rendered”.
Plaintiff Robischon, a "non-participating” physician, rendered covered services, in November, 1975 to Dexter’s wife (Doris), and in December, 1975 to plaintiff Capadano. Plaintiffs Capadano and Dexter executed (apparently undated) written assignments of their "right to payment of sums due” under their contracts with defendant. The complaint (which was not shown to have been verified) states that Dr. Robischon forwarded the assignments to the defendant, requesting payment for the aforesaid services rendered, and that defendant failed and refused to honor the said assignments and to pay him thereunder.
Payment of $474 for the said medical services rendered to Constance Capadano was made by defendant directly to the subscriber (Leonard Capadano) on or about February 14, 1976. Likewise, on or about March 6, 1976 defendant paid David Dexter $118.50 for the aforesaid medical services rendered to Doris Dexter.
The present action was commenced on or about July 28, 1977. Dr. Robischon seeks a declaratory judgment to the effect that (a) the nonassignability clauses of the aforesaid contracts were void and unenforceable as between him and the assignors, and (b) therefore, notwithstanding payments made to the subscribers, defendant is indebted to him to the extent of the amounts so paid. If timely commenced, the doctor’s claims might well have stated a valid cause of action. (See Sillman v Twentieth Century-Fox, 3 NY2d 395; Belge v Aetna Cas. & Sur. Co., 39 AD2d 295; Lincoln Rochester Trust Co. v Marasco Steel, 66 Misc 2d 295.) The relief purportedly sought by plaintiffs Capadano and Dexter is not so clear. They appear to seek a declaration to the effect that: (1) they were free to *856 assign their claims to Dr. Robischon, notwithstanding the contrary provisions of the contracts in question, and (2) a subsequent (1976) amendment of those contractual provisions was null and void as to them. Even less clear to this court is why Capadano and Dexter were joined as parties plaintiff in the present action. Both subscribers were paid by the defendant, pursuant to the terms of their respective contracts. There is therefore no existing justiciable controversy between defendant and either of said plaintiffs. Moreover, the 1976 amendment to the subscribers’ contracts is not in issue on the facts here present. In paragraph 8 of the complaint, plaintiffs allege that the assignments to Dr. Robischon were made in December of 1975 and defendant does not contest that allegation. The court therefore grants defendant’s motion to dismiss the complaint as to plaintiffs Capadano and Dexter on the ground that the pleading fails to state a cause of action on behalf of either of said plaintiffs against the defendant.
The complaint must also be dismissed as to plaintiff Robischon on the ground that his action was not timely commenced within the applicable limitation periods (one year from the date of rendering services, as to both patients). None of the plaintiffs contests the validity, as to the subscribers and their families, of the contractual "short” limitation period of one year. Such contractual provisions have been judicially recognized as binding. (See French Hosp. v Stuart, 31 AD2d 522; Howe v Mill Owners Mut. Fire Ins. Co., 241 App Div 336; United States v Eastern Air Lines, 366 F2d 316; see, also, Ann., 6 ALR3d 1197.) As assignee, Dr. Robischon could acquire no greater rights than the assignors possessed in the claims assigned and he was subject to any defense which might have been raised against either. (See Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121; 3 NY Jur, Assignments, § 56, pp 318-319; General Obligations Law, § 13-105.) The defense of limitation of time is such a defense which will bind an assignee. (See Barnes v Hampton, 198 Neb 151; Carte Blanche Corp. v Pappas, 216 So 2d 917 [La]; 7 Encyclopedia, New York Law of Contracts, pp 57-58.)
The doctor argues, however, that the contractual one-year provision applies only to actions "at law” and that the present action, being one in equity, is not governed thereby. There are several reasons why the court must reject that argument: (1) the distinctions between actions at law and suits in equity have long since been abolished in New York (see CPLR 103); *857 (2) it cannot reasonably be said that the contracting parties intended to exempt from the one-year limitation certain types of court proceedings, without specifically so stating; (3) declaratory judgment is sui generis, and is as much legal as equitable (First Nat. Stores v Yellowstone Shopping Center, 21 NY2d 630, 637); (4) where an adequate legal remedy has lapsed because of the plaintiffs inaction, he will not be allowed to extend the period of limitations by bringing an action for equitable relief (see 1 Weinstein-Korn-Miller, NY Civ Prac, par 213.01; see, also, Finkelstein Mem. Lbr. v Central School Dist. No. 2, 34 AD2d 781, affd 28 NY2d 705; cf. Gignoux v Village of Kings Point, 85 NYS2d 675, affd 274 App Div 1003).
For the reasons above stated, the complaint is dismissed in its entirety as to each of the plaintiffs.