■ CITY BUILDING EMPLOYEES' ASSOCIATION et al., Respondents, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of the New York State Employees' Retirement System, Appellant.— Order unanimously reversed, without costs, defendant's motion granted and complaint dismissed. Memorandum: The question presented on this appeal is whether a participating employer in the New York State Employees'

Retirement System may extend optional retirement benefits to one group of its employees pursuant to a collective bargaining agreement without extending the same benefits to all of its employees. The answer, we believe, is that it may not. Plaintiff, City Building Employees' Association (CBEA), is a labor union that represents certain employees of the City of Hornell, New York. On April 1, 1973 the city and the union entered into a collective bargaining agreement separate from any agreement between the city and other unions representing city employees. The agreement provided that CBEA members were to receive improved optional retirement benefits under section 75-g of the Retirement and Social Security Law. These benefits were to become effective upon approval by the Common Council of the City of Hornell. However, in 1969 when the city had agreed to make these same section 75-g benefits available to CBEA employees, it had been advised by appellant, Comptroller of the State of New York, that such election could not be made for a limited group of city employees. This statement of appellant's policy was not then challenged. CBEA through its association president and by its members individually commenced a declaratory judgment action to have its rights declared under the collective bargaining agreement. The appellant Comptroller, the City of Hornell and its Common Council were joined as defendants. Special Term granted summary judgment in favor of plaintiffs directing appellant and the State Retirement System to extend benefits to members of CBEA under section 75-g of the Retirement and Social Security Law. Section 75-g improves benefits already existing and adopted under sections 75-b and 75-e. A member of the retirement system "shall have his retirement allowance computed as provided under section seventy-five-b and section seventy-five-e, except that the fraction one-fiftieth shall be substituted for the fraction one-sixtieth" (Retirement and Social Security Law, § 75-g). In order to elect to adopt this benefit, the participating employer must first have adopted sections 75-b and 75-e. The noncontributory retirement plan for employees of participating employers is set forth in section 75-b of the Retirement and Social Security Law (§ 75-a contains the provisions for State employees). Section 75-e provides for guaranteed retirement benefits for employees of participating employers (as here, a municipal employer as distinct from the State itself) "for members in its employ" entitled to a pension under subdivision a of section 75-c of the Retirement and Social Security Law. That section, in turn, sets forth the general one-sixtieth fraction for "any member" covered by section 75-b; i.e., employees of participating employer. Thus, it can be seen that section 75-b together with section 75-c provide the basic noncontributory retirement plan for employees of participating employers. Section 75-g simply extends an already existing benefit in the noncontributory section 75-b plan for which "any member" in the participating employers employ is eligible. Section 75-g is not, therefore, a benefit in itself. Appellant Comptroller has applied section 30 of the Retirement and Social Security Law by regarding all employees of the various agencies of a participating employer as a single entity. Single entity or separate participation by individual agencies treatment lies within the discretion of appellant (Retirement and Social Security Law, § 30, subd c; § 31, subd a). Under the City of Hornell's present plan members of the CBEA will enjoy a different pension plan from other City of Hornell employees. The Comptroller regards this as contrary to the intent of the statute and unsound administratively. We cannot view his position as unreasonable or arbitrary (see *Finkelstein Mem. Lib. v Central School Dist. No. 2,* 34 AD2d 781, affd 28 NY2d 705; *New York Public Lib. v City of New York,* 275 App Div 307, affd 300 NY 726); nor do

we think the scope of collective bargaining is thereby limited since it may not include matters plainly and clearly prohibited by statute or decisional law *(Syracuse Teachers Assn. v Board of Educ.,* 35 NY2d 743, 744-745). (Appeal from order of Steuben Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.