*946
 
 ILANA DIAMOND ROVNER, Circuit Judge.
 

 This case comes to us on remand from the Wisconsin Supreme Court. We certified the following question to that Court:
 

 Does Wisconsin law require that a lien obtained by a judgment creditor who institutes supplementary proceedings under Wis. Stat. sec. 816.04 be perfected, and if so, how is the lien to be perfected?
 

 In Matter of Badger Lines, Inc.,
 
 140 F.3d 691, 699 (7th Cir.1998). The Wisconsin Supreme Court has now answered that question in the negative.
 
 See In the Matter of Badger Lines, Inc.,
 
 224 Wis.2d 646, 590 N.W.2d 270 (Wis.1999). In light of this decision, we must reverse the judgment of the district court and remand for further proceedings.
 

 I.
 

 We will assume familiarity with our earlier opinion and restate only those facts necessary to finally resolve this dispute. Emerald Leasing sued Badger on an unpaid debt and received a default judgment in excess of $80,000. A state court commissioner entered an order directing Badger to appear at a supplementary pro-’ ceeding involving the judgment, and that order was served on Badger on October 30, 1991. Douglas Mann was appointed the receiver for Emerald on December 17, 1991. Before Mann could collect the judgment, Badger filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, on February 11, 1992. Robert Waud was appointed trustee of Badger’s estate, and Waud formulated a final report to distribute the assets to Badger’s creditors. Under Waud’s report, Emerald was to be treated as an unsecured creditor, and was to receive no distribution from the estate. Mann filed a motion seeking a turnover of funds from Badger’s estate on the grounds that he held a judicial lien as defined in 11 U.S.C. § 101(36), which was prior to and superior to the lien and priority creditors listed in Waud’s final report.
 

 The dates of these events turned out to be significant. Under Mann’s theory, his lien was created and perfected as of the date Badger was ordered to appear at supplementary proceedings. Under Waud’s theory, Mann’s lien was not perfected until Mann was appointed receiver for Emerald. The first date, October 30, 1991, was outside the ninety day period during which a trustee can avoid certain transfers as preferences. The second date, December 17, 1991, was within the preference period, and the trustee could avoid certain transfers made during that time. The district court ultimately concluded that Wisconsin law required perfection, and that the receiver’s lien was not perfected until a supplementary receiver was appointed and/or until the court commissioner issued a turnover order. In this case, the court commissioner appointed Mann and issued a turnover order on December 17, 1991, within the preference period. The effect of this holding would be that Waud could avoid the lien as preferential, and Emerald would receive nothing.
 

 As we determined in our previous opinion, the perfection of this lien was the type of transfer the trustee could avoid if it occurred during the preference period. We were not, however, satisfied that Wisconsin law decisively answered whether perfection was required, or how perfection could be accomplished. Because we look to state law to determine property interests, we certified the question to the Wisconsin Supreme Court. That Court concluded:
 

 [A] receiver’s lien is superior against another creditor on a simple contract at the time the creditor serves the debtor with notice to appear at supplementary proceedings under Wis. Stat. chapter 816. Accordingly, Wisconsin law does not require a creditor to take additional steps to perfect a receiver’s lien beyond service on the debtor.
 

 590 N.W.2d at 276. Under this formulation, Mann’s lien was superior to the other
 
 *947
 
 creditors as of the date that Badger was served notice to appear at supplementary proceedings. Notice was served on October 30, 1991, which is more than ninety days before Badger filed its Chapter 7 petition on February 11, 1992. Thus, the trustee may not avoid the transfer as preferential. We therefore reverse and remand for proceedings consistent with this opinion, our March 27, 1998 opinion, and the Wisconsin Supreme Court’s March 17, 1999 opinion.
 

 REVERSED AND REMANDED.