■ AMEDEO HOTELS LIMITED PARTNERSHIP et al., Appellants, v ZWICKER ELECTRIC CO., INC., Respondent. [739 NYS2d 10] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered July 31, 2000, which dismissed the complaint, pursuant to an order, same court and Justice, entered on or about July 7, 2000, granting defendant's motion for summary judgment dismissing the complaint pursuant to CPLR 3211 (a) (5) and 3212 and denying plaintiffs' cross motion to strike defendant's affirmative defense of the statute of limitations, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In 1979 or 1980, defendant Zwicker Electric Co., Inc. (Zwicker) designed and installed the electrical distribution system for the New York Palace Hotel (the Hotel). In December 1993, plaintiff Amedeo Hotels Limited Partnership (Amedeo) purchased the Hotel from the prior owner's receiver. In March 1995, the Hotel suffered extensive damage from a fire. In February 1998, Amedeo commenced this action against Zwicker to recover for property damage and business losses resulting from the fire. Amedeo alleges that the fire was caused by Zwicker's alleged negligence in the design and installation of the Hotel's electrical distribution system, work that had been completed approximately 15 years before the fire occurred and approximately 18 years before this action was commenced.

The IAS court correctly granted Zwicker's motion to dismiss the complaint as barred by the six-year statute of limitations applicable to contractual claims (CPLR 213 [2]), which commenced to run upon the completion of Zwicker's work in or

about 1980. "In cases against architects or contractors, the accrual date for Statute of Limitations purposes is completion of performance * * *. [N]o matter how a claim is characterized in the complaint—negligence, malpractice, breach of contract—an owner's claim arising out of defective construction accrues on date of completion, since all liability has its genesis in the contractual relationship of the parties" (*City School Dist. v Stubbins & Assoc.*, 85 NY2d 535, 538 [citations omitted]). Under *City School Dist. v Stubbins & Assoc. (supra)*, the prior owner for whom the Hotel was built would have been time-barred to sue Zwicker in or about 1986, either in tort or in contract, for Zwicker's work in the construction of the Hotel. Such time bar would also apply to an action seeking to recover for property damage incurred after 1986. When the Hotel was conveyed to Amedeo, it succeeded to any such cause of action against Zwicker, and, as the prior owner's successor-in-interest, it is subject to the same defenses that would have been available to Zwicker against the prior owner, including the statute of limitations (*see*, General Obligations Law § 13-105; *Robischon v Genesee Val. Med. Care*, 92 Misc 2d 854, 856). We note that personal injuries are not at issue in this action. Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.