**In re SOUTHERN AIR TRANSPORT, INC., Debtor.**

**No. 98–59460.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

May 21, 2003.

Quinton F. Lindsmith, Bricker & Eckler LLP, Columbus, OH, for Total Support, Inc. (U.K.) Limited.

Randall D. LaTour, Vorys, Sater, Seymour and Pease LLP, Columbus, OH, for Debtor.

Timothy A. Riedel, Arter & Hadden LLP, Columbus, OH, for Official Committee of Unsecured Creditors.

## ORDER ON OBJECTION TO CLAIM OF TOTAL SUPPORT, INC. (U.K.) LIMITED

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter came before the Court for hearing on December 10, 2002, upon the Debtor's Objection to Claims Pursuant to 11 U.S.C. § 502(d) (Pleading No. 1160) (the "Objection") and the Written Response of Total Support Inc. (UK) Limited to Objection Filed Pursuant to Title 11 U.S.C. Section 502(d) (Pleading No. 1202) (the "Response").

### I. STATEMENT OF JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of the Reference entered in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### II. FACTS

The Debtor, Southern Air Transport, Inc. ("SAT") filed its Chapter 11 petition on October 1, 1998. SAT has acted as debtor and debtor-in-possession since October 1, 1998. Notice of the Chapter 11 filing and of the bar date for filing claims was issued to all creditors. On December 2, 1998, Total Support, Inc. (U.K.) Limited ("Total Support") timely filed its proof of claim in the amount of $125,089.15 as a general unsecured claim against SAT.

On September 21, 2000, SAT filed a Complaint to Avoid and Recover Preferential Transfers against Total Support (the "Complaint"). The Complaint was assigned Adversary Proceeding No. 00–2301 and asserted that Total Support received transfers totaling $194,342.43 in the ninety (90) day period prior to SAT's Chapter 11 filing. SAT sought relief in the Complaint pursuant to 11 U.S.C. § 547(b) and recovery of the transfers pursuant to 11 U.S.C.

§ 550. SAT deferred serving the Complaint upon Total Support.

When it became evident that funds might be available for distribution, SAT began reviewing proofs of claim. On September 16, 2002, SAT filed its Objection pursuant to 11 U.S.C. § 502(d). On October 21, 2002, Total Support filed its written Response to the Objection. In the Response, Total Support maintained that the use of 11 U.S.C. § 502(d) is inappropriate when the merits of the preference action have not yet been adjudicated. Total Support maintained that the alleged transfers were made according to ordinary terms of business.

The matter came before the Court for hearing on December 10, 2002. At the conclusion of the December 10, 2002 hearing, the Court requested the parties to simultaneously brief the issue of whether SAT can invoke 11 U.S.C. § 502(d) to disallow Total Support's claim while the Section 547(b) Complaint is pending. SAT and Total Support filed their post petition briefs on January 10, 2003.[1]

### III. *ISSUE*

At issue in this case is whether SAT may invoke 11 U.S.C. § 502(d) to disallow Total Support's proof of claim while an adversary proceeding complaint, brought by SAT, is pending which seeks recovery of payments made to Total Support in the ninety (90) day period prior to SAT's Chapter 11 filing.

### IV. *DISCUSSION*

#### A. *11 U.S.C. § 502(d).*

Section 502(d) of the Bankruptcy Code provides, in pertinent part, as follows:

Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section ... 550 ... of this title or that is a transferee of a transfer avoidable under section ... 547 ... of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable....

11 U.S.C. § 502(d).

The Court is bound by the plain language of the statute absent a strong persuasive reason to the contrary. The United States Supreme Court has counseled that a Court should read a statute according to its literal terms, *e.g., United States v. Locke,* 471 U.S. 84, 96, 105 S.Ct. 1785, 1793, 85 L.Ed.2d 64 (1985), unless such a reading would produce a result at odds with the Congressional intent. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).

Both SAT and Total Support seize upon certain words in Section 502(d) to support their plain language positions. SAT focuses upon the payment language-arguing that the purpose of Section 502(d) is to preclude entities like Total Support from sharing in distributions unless and until the voidable transfer has been returned. *See, In re McLean Industries, Inc.,* 184 B.R. 10, 14 (Bankr.S.D.N.Y.1995), *aff'd* 196 B.R. 670 (S.D.N.Y.1996). Total Support focuses upon the liability language-arguing that there must be a determination that the transfer is avoidable and that the transferee is liable for return of that property.

#### B. *Prior Case law.*

In reviewing the parties plain language arguments, SAT argues that Section

---

1. According to the post-trial brief of SAT, it served the Complaint upon Total Support after the December 10, 2002 hearing.

502(d) is derived from section 57(g) of the Bankruptcy Act of 1898, which provided for the disallowance of claims of creditors who received or acquired preferences or other void or voidable transfers unless such creditors surrendered the preferences or property transferred. SAT further argues that "since Congress expressed no intent to change the prior law when the Bankruptcy Code was enacted, prior case law should be followed when applying 11 U.S.C. § 502(d). . . ." (Brief of Southern Air Transport, Inc. in Support of Objection to Claim of Total Support, Inc. (UK) Limited, Pleading No. 1273). When this Court looked at the prior case law, it found the United States Supreme Court opinion of *Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966). In *Katchen v. Landy*, the United States Supreme Court plainly stated that when a bankruptcy trustee presents a section 57, subparagraph g, "objection to a claim, the claim can neither be allowed nor disallowed until the preference matter is adjudicated." *Id.*

### C. *Policy of 11 U.S.C. § 502(d).*

The Court concludes that the use of 11 U.S.C. § 502(d) cannot be unfettered.

The allegation of a preference alone cannot act to defeat a claim against a debtor.[2] A determination is needed on the preference matter.

> To assure the effectuation of the purpose of this section, a claim may be disallowed at least temporarily and for certain purposes, subject to reconsideration, simply upon the allegation of an avoidable transfer. To prevent abuse of this section, however, this initial disallowance should be made by judicial determination, whether it be obtained in a claim objection or by some form of declaratory action. . . .

4–502 Collier on Bankruptcy (15th Edition 2002), ¶ 502.05. The legislative history and policy behind 11 U.S.C. § 502(d) "illustrates that the section is intended to have the coercive effect of insuring compliance with judicial orders." *Matter of Davis*, 889 F.2d 658, 661 (5th Cir.1989).

When raising an objection to a claim based upon the ground that claimant has failed to surrender the alleged voidable transfer, "the claim can neither be allowed nor disallowed until the preference matter is adjudicated." *See In re Coral Petrole-*

---

**2.** SAT cited *Matter of Eye Contact, Inc.*, 97 B.R. 990 (Bankr.W.D.Wis.1989) in support of its position. In *Eye Contact*, the Wisconsin bankruptcy court disallowed the claim of a debtor's former employee who had received and did not repay a preferential transfer even though the trustee was not time-barred from bringing the preference action. However, in reviewing that case, Judge Martin specifically made a determination that "there is no doubt" that the preferential transfer occurred under 11 U.S.C. § 547. *Id.* at 992, 993. In effect, the Wisconsin bankruptcy court adjudicated the preference matter.

In further reviewing the cases under the Bankruptcy Code relied upon by SAT, the courts involved made determinations that the preference claim was time barred or that the preference claim had not been pursued. *In re*

*Mid Atlantic Fund, Inc.*, 60 B.R. 604, 609 (Bkrtcy.N.Y.1986) (Statute of limitations for avoidance action had expired, but trustee permitted to assert otherwise time-barred avoidable transfer to cause disallowance of claim); *In re McLean Industries, Inc.*, 196 B.R. 670 (S.D.N.Y.1996) (Statute of limitations for 11 U.S.C. § 546 action had expired, but trustee permitted to assert the avoidable transfer to cause disallowance of claim). These cases allowed use of 11 U.S.C. § 502(d) defensively to defeat a proof of claim when the preference claim already had been time barred. The Court finds *Mid Atlantic* and *McLean* to be factually distinguishable from this case because SAT used its discretion and filed a timely adversary proceeding complaint based upon 11 U.S.C. § 547(b).

*um, Inc.,* 60 B.R. 377 (Bankr.S.D.Tex. 1986) (citing *Katchen v. Landy,* 382 U.S. 323, 330, 86 S.Ct. 467, 473, 15 L.Ed.2d 391 (1966)). Based upon the foregoing, the Court concludes that the preference matter must be adjudicated prior to the Court determining if the claim can be allowed or disallowed. For purposes of judicial economy, the Court further concludes that it shall hold its determination on the Objection in abeyance until the 11 U.S.C. § 547(b) claims pending in Adversary Proceeding No. 00–2301 are finally adjudicated.

## V. *CONCLUSION*

Based upon the foregoing, it is hereby ORDERED that Debtor's Objection to Claims Pursuant to 11 U.S.C. § 502(d) shall be held in abeyance until after final adjudication of the 11 U.S.C. § 547(b) related claims pending in Adversary Proceeding No. 00–2301.

IT IS SO ORDERED.