In re METIOM, INC., Debtor.

No. 01–12840 (RDD).

United States Bankruptcy Court,
S.D. New York.

Dec. 1, 2003.

Arent, Fox, Kintner, Plotkin & Kahn, PLLC, by Andrew I. Silfen and Schuyler G. Carroll, for Creditor Trustee.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., by Michael L. Schein, for divine Acquisition, Inc.

*MEMORANDUM DECISION AND ORDER ON DIVINE'S MOTION TO DISMISS CLAIM OBJECTION UNDER SECTIONS 502(d) AND 510(c) OF THE BANKRUPTCY CODE*

ROBERT D. DRAIN, Bankruptcy Judge.

Bernard Katz, the Creditor Trustee (the "Trustee") under the liquidating chapter 11 plan (the "Plan") of Metiom, Inc. ("Metiom") has objected to an unsecured prepetition claim (the "Claim") filed by Intira Corporation ("Intira") and later assigned to divine Acquisition, Inc. ("divine"). Under the Plan, the Trustee also succeeded to an objection to the Claim previously filed by the Official Committee of Unsecured Creditors (the "Committee"), and I have treated the two objections together, as consolidated (the "Claim Objection").

Before discovery, divine has asserted several reasons why the Claim Objection must be denied as a matter of law. As discussed below, I deem divine's response to the Claim Objection a motion to dismiss under Fed.R.Civ.P. 12(b)(6), as incorporated by Bankruptcy Rule 7012, and, following oral argument and post-hearing submissions, deny divine's motion.

*Background*

Metiom filed its chapter 11 petition on May 16, 2001. Metiom did not survive as a going concern. Its Plan was confirmed on November 28, 2001, and the Plan and the Trustee's appointment became effective on April 20, 2002.

Intira filed its proof of Claim on July 9, 2001 in the amount of $752,498, but divine admits that Intira's proof of claim incorrectly included $92,672 that divine says Metiom paid Intira in the ordinary course for postpetition services, and divine has volunteered to reduce the Claim to $659,826. (Although happy to have the Claim so reduced, the Trustee disputes divine's characterization of the $92,672 as having been paid in the ordinary course for valid postpetition services.)

Intira suffered its own financial difficulties and filed a chapter 11 case on July 30, 2001 in the United States Bankruptcy Court for the District of Delaware. On

September 30, 2001 that court approved the sale of substantially all of Intira's assets, including the Claim, to divine under section 363(b) of the Bankruptcy Code. It is not disputed, however, that notice of the assignment of the Claim was not filed in Metiom's chapter 11 case under Bankruptcy Rule 3001(e);[1] nor, apparently, was notice of Intira's sale motion provided to Metiom.

On February 25, 2002 it was divine's turn to file under chapter 11 of the Bankruptcy Code, and its case is pending in the United States Bankruptcy Court for the District of Massachusetts. Divine states that on or about May 15, 2003 it sold substantially all of its assets to third parties under section 363(b) of the Bankruptcy Code; however, it apparently did not sell the Claim, because there has been no filing under Bankruptcy Rule 3001(e)(2) regarding divine's transfer of the Claim and divine continues to defend against the Claim Objection.

The Claim Objection alleges that Intira received a $170,000 payment on account of antecedent debt that cleared on March 19, 2001, which, therefore, constitutes a potentially avoidable preference under section 547(a) of the Bankruptcy Code. Consequently, the Claim Objection alleges, the Claim must be disallowed under section 502(d) of the Bankruptcy Code until the return of the amount of the preferential payment.[2]

The Claim Objection also alleges that, although Metiom tried soon after the petition date to cancel the parties' netsourcing agreement and recover computer servers in Intira's possession, Intira refused to release the servers unless it was paid the prepetition amount that it claimed it was owed. As a result of Intira's recalcitrance, the Claim Objection alleges, Metiom agreed in July, 2001 to pay Intira $92,672 out of the ordinary course without Court approval. Consequently, the Claim Objection alleges, the Claim should be disallowed under section 502(d) of the Bankruptcy Code unless the amount of the postpetition transfer avoidable under section 549(a) of the Bankruptcy Code is returned.[3]

Finally, the Claim Objection requests that, if allowed, the Claim be equitably subordinated to other unsecured claims under section 510(c) of the Bankruptcy Code because of Intira's wrongful delay in returning the servers. The Claim Objection does not detail any damages caused by Intira, with the exception of the $92,627 payment that the Trustee contends was merely ransom; however, the Trustee's Memorandum of Law in Further Support of Claims Objection, dated September 15, 2003 ("Memorandum of Law"), alleges three other ways that Intira damaged Me-

1. Under Bankruptcy Rule 3001(e)(2), if a claim "has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee."

2. Section 502(d) of the Bankruptcy Code provides,

   Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550 or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

3. Section 549(a) of the Bankruptcy Code provides, with inapplicable exceptions, that

   "the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and ... (B) that is not authorized under this title or by the court." 11 U.S.C. § 549(a)(1)(B).

tiom's estate and creditors: Intira's delay in returning the servers, and, more importantly, the valuable intellectual property stored in the servers, prejudiced Metiom's sale process; Hewlett–Packard, Inc., which leased the servers to Metiom, would not have asserted a $150,129.57 administrative expense if Intira had not retained the servers for the period covered by Hewlett–Packard's claim; and, before returning the servers, Intira improperly reformatted them, destroying much of Metiom's intellectual property stored therein.

Divine has adopted Intira's response to the Claim Objection and raised other responses, including, for the first time at the hearing on the Claim Objection, the contention that the Claim Objection, at least insofar as it is based on sections 502(d) and 510(c) of the Bankruptcy Code, violates the automatic stay in divine's chapter 11 case. Some of divine's responses dispute the Claim Objection's factual allegations, asserting, among other things, that there are defenses under section 547(c) of the Bankruptcy Code to the Trustee's preference allegation and that the allegedly improper $92,672 postpetition payment was made in the ordinary course for properly billed postpetition services and, therefore, did not require bankruptcy court approval.[4] The parties have chosen to defer the evidentiary hearing on these issues, however, focusing first on divine's responses that the Claim Objection must fail as a matter of law, which are addressed below.

*Discussion*

■ I. *Inapplicability of the Automatic Stay to the Claim Objection.* As a threshold matter, this Court is authorized to determine whether the automatic stay in divine's chapter 11 case applies to the Claim Objection. *In re Baldwin–United Corp. Litigation,* 765 F.2d 343, 347 (2d

Cir.1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."); *NLRB v. Edward Cooper Painting, Inc.,* 804 F.2d 934, 939 (6th Cir.1986) (same).

■ The Trustee does not seek affirmative relief under either sections 547 or 549 of the Bankruptcy Code or damages resulting from Intira's postpetition conduct. He has waived such claims, asserting such rights only as grounds for objecting to, or equitably subordinating, the Claim. Divine's argument, therefore, that the Trustee has violated the automatic stay merely by asserting defenses that could give rise to a claim, hardly merits a response. By waiving affirmative relief, the Trustee has expressly not attempted "to recover a claim against the debtor," 11 U.S.C. § 362(a)(1), or "to obtain possession of property of the estate or of property from the estate" of divine. 11 U.S.C. § 362(a)(3). Accordingly, the only provision of section 362(a) of the Bankruptcy Code arguably implicated by the Claim Objection is section 362(a)(3)'s stay of "any act to ... to exercise control over property of the estate."

However, this provision of section 362(a)(3) does not apply, either, because the Trustee merely is proceeding defensively—not asserting a counterclaim—in objecting to the Claim. The Trustee is not exercising control over divine's property but, rather, simply is responding to a proof of claim filed in Metiom's chapter 11 case. Neither the language nor the policy of section 362(a)(3) apply in that context. *See Justus v. Financial News Network Inc. (In re Financial News Network Inc.),* 158 B.R. 570, 573 (S.D.N.Y.1993), holding

4. *See* 11 U.S.C. § 363(c).

that section 362(a) of the Bankruptcy Code does not prevent entities against whom a debtor proceeds in an offensive posture from protecting their legal rights in a defensive posture, including by objecting to a debtor's proof of claim if that objection does not also seek affirmative relief. *Id.* at 573. *See also In re Meade,* 1999 WL 33496001, at *1, n. 1, 1999 Bankr.LEXIS 1408, at *1, n. 1 (Bankr.E.D. Pa. June 3, 1999) (accord). *Cf. In re Shared Technologies Cellular, Inc.,* 293 B.R. 89, 95–6 (D.Conn.2003) (relief from the automatic stay to pursue preference avoidance proceeding against the debtor was granted on the condition that any subsequent objection under section 502(d) of the Bankruptcy Code to the debtor's claim in the debtor/plaintiff's bankruptcy case would be stayed at least until the percentage distribution in the alleged preferential transferee's bankruptcy case could be determined).

■ II. *Does the Claim Objection Fail Because not Brought as an Adversary Proceeding?* Divine argues that the Claim Objection must be dismissed because the Trustee asserted rights involving sections 547 and 549 of the Bankruptcy Code and under section 510(c) of the Bankruptcy Code that are subject to Part VII of the Bankruptcy Rules, Fed. R. Bankr.P. 7001, but did not file an adversary proceeding. This is not, in divine's view, a matter that can be cured simply by refiling the Claim Objection as an adversary proceeding, because, divine contends, under the Plan the Trustee is time-barred from starting an adversary proceeding to object to the Claim.[5]

When sections 547, 549 or 510(c) of the Bankruptcy Code are raised only defensively, in a claim objection, however, the objectant's failure to commence an adversary proceeding is not fatal. On the contrary, Bankruptcy Rule 3007 states that "If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it *becomes* an adversary proceeding." Fed. R. Bankr.P. 3007 (emphasis added). It does not have to be dismissed, as divine contends, with the trustee's only option to recommence the action as an adversary proceeding.

■ Instead, when one of the types of relief specified in Bankruptcy Rule 7001 is raised in a claim objection, the objection automatically becomes more than a contested matter under Bankruptcy Rule 9014; the parties automatically become subject to the adversary proceeding rules set forth in Part VII of the Bankruptcy Rules, which the court may direct the parties to meet in various ways. Such compliance may or may not in the court's discretion require the filing of a complaint but should *not* require the elevation of form over substance to prejudice a party if the matter can proceed on the merits consistent with Part VII. *See, e.g., In re Danbury Square Assocs. Ltd. Partnership.,* 153 B.R. 657, 661 (Bankr.S.D.N.Y.1993) (directing that trustee file a "more detailed memorialization" of his claims rather than commence a new adversary proceeding); *In re Command Services. Corp.,* 102 B.R. 905, 908–9 (Bankr.N.D.N.Y.1989) (citing cases); *see also Halverson v. Estate of Cameron (In re Mathiason),* 16 F.3d 234, 238 (8th Cir.1994); *In re Chapman,* 132 B.R. 132, 144 (Bankr.N.D.Ill.1991). *But*

---

**5.** Article IV.A.1. of the Plan and paragraph 9 of the Court's November 26, 2001 order confirming the Plan authorized the Trustee to object to claims and to pursue claim objections already filed by other parties in interest. In addition to succeeding to the Committee's January 23, 2002 objection to Intira's Claim, the Trustee filed his own objection to the Claim on July 19, 2002, which was within the Plan's deadline for making such objections, as extended by prior order, although that deadline has since expired.

see In re Consolidated Indus. Corp., 1999 WL 297492, at *1, 1999 Bankr.LEXIS 556, at *2–3 (Bankr.N.D. Ind. April 19, 1999) (dismissing claim objection and requiring the filing of an adversary proceeding).

Here, the Trustee's assertions under sections 547 and 549 of the Bankruptcy Code in support of his Claim Objection under section 502(d) of the Bankruptcy Code, as well as his request for equitable subordination under section 510(c) of the Bankruptcy Code, meet the notice pleading requirements of Fed.R.Civ.P. 8(a) and (e) as incorporated by Bankruptcy Rule 7008; the parties have not started discovery; and they have fully briefed and argued divine's various contentions that the Claim Objection fails as a matter of law. There is, therefore, no prejudice to divine if I treat the Claim Objection as a complaint and divine's response as a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and require the parties otherwise to comply with Part VII of the Bankruptcy Rules regarding any of the Trustee's allegations under sections 547, 549 and 502(d), as well as his request under section 510(c) of the Bankruptcy Code, that survive divine's motion to dismiss. The Trustee might be prejudiced, on the other hand, if he were required to re-file the Claim Objection as a complaint and was met with the response (wholly based on form over substance, because such a complaint would raise the same points that had been timely raised in the Claim Objection) that the new complaint was time-barred. Such a result would be inconsistent with Fed.R.Civ.P. 8(f), incorporated by Bankruptcy Rule 7008, which states that "all pleadings shall be so construed as to do substantial justice," and Bankruptcy Rule 9005, which provides that "the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights."

III. *Standard on Motion to Dismiss.* Fed.R.Civ.P. 12(b)(6), incorporated under Bankruptcy Rule 7012, provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal will not be granted under Rule 12(b)(6), however, unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Accord Sweet v. Sheahan,* 235 F.3d 80, 83 (2d Cir.2000). The Court must accept all well-pleaded allegations in the complaint, together with any exhibits thereto and documents referred to or incorporated therein, as true, and must draw all reasonable inferences in favor of the plaintiff. *Todd v. Exxon Corp.,* 275 F.3d 191, 197 (2d Cir.2001). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *accord Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995), *cert. denied,* 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996). I have considered under the foregoing standard divine's responses that the Claim Objection must be denied as a matter of law.

A. *The Objection under Section 502(d) Is not Untimely.* Divine contends that the Claim Objection under section 502(d) of the Bankruptcy Code based on Intira's receipt of an allegedly avoidable preference is time-barred under section 546(a) of the Bankruptcy Code, because no preference-avoidance proceeding was commenced within two years after the chapter 11 petition was filed or within one year after the Trustee's appointment.[6] Divine

---

**6.** Section 546(a) provides in relevant part,

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not

similarly argues that section 549(d) of the Bankruptcy Code bars the Trustee's section 502(d) objection based on Intira's receipt of a postpetition transfer allegedly avoidable under section 549(a) of the Bankruptcy Code.[7]

■ Divine's arguments fail, however, for two reasons. First, both the Committee's and the Trustee's objections to the Claim under section 502(d) were filed within the two-year anniversary of the start of Metiom's chapter 11 case (and within one year after the Trustee's appointment). Consistent with my ruling above, therefore, it would improperly exalt form over substance to find the Claim Objection untimely under sections 546(a) and 549(d) merely because not filed in the form of an adversary complaint. The Claim Objection satisfies Fed.R.Civ.P. 8(a) with respect to its allegations that Intira received an avoidable preference and an avoidable postpetition transfer; therefore, divine is not prejudiced by treating the Claim Objection as a complaint.

■ Second, divine ignores persuasive precedent in this district and elsewhere that sections 546(a) and 549(d) of the Bankruptcy Code are inapplicable to claim objections under section 502(d) of the Bankruptcy Code. *See United States Lines, Inc. v. United States (In re McLean Indus., Inc.)*, 196 B.R. 670, 675 (S.D.N.Y. 1996); *In re Mid Atlantic Fund, Inc.*, 60 B.R. 604 610–10 (Bankr.S.D.N.Y.1986). *See also El Paso v. America West Airlines, Inc. (In re America West Airlines, Inc.)*, 217 F.3d 1161, 1165–66 (9th Cir.

2000); *Committee of Unsecured Creditors v. Commodity Credit Corp. (In re KF Dairies, Inc.)*, 143 B.R. 734 (9th Cir. BAP 1992) (finding section 549(d)'s limitation period inapplicable to claim objection under section 502(d) of the Bankruptcy Code); *In re Badger Lines*, 199 B.R. 934, 939–40 (Bankr.E.D.Wis.1996), *rev'd on other grounds*, 202 F.3d 945 (7th Cir.2000); *In re Stoecker*, 143 B.R. 118 (Bankr. N.D.Ill.), *aff'd in part and rev'd in part and remanded, on other grounds*, 143 B.R. 879 (N.D.Ill.1992), *aff'd in part and vacated in part and remanded*, 5 F.3d 1022 (7th Cir.1993). *But see In re Marketing Assocs. of Am., Inc.*, 122 B.R. 367, 369–71 (Bankr.E.D.Mo.1991) (stating minority position that section 546(a) applies to claim objection under 502(d) of the Bankruptcy Code based on an alleged preference).

The plain language of section 502(d) of the Bankruptcy Code, as well as its purpose and legislative history, clearly support declining to apply sections 546(a) and 549(d) of the Bankruptcy Code to claim objections under section 502(d), for the reasons set forth in detail by District Judge Cote in *McLean*, 196 B.R. at 675–6; *see also* 5 *Collier on Bankruptcy* ¶ 546.02[1][d] (15th ed.2003) at 546–12. The pending objections to the Claim under section 502(d) of the Bankruptcy Code therefore are not time-barred.

Of course, this does not mean that the Trustee will prevail on those objections without first obtaining a determination, governed by Part VII of the Bankruptcy Rules, as discussed above, that Intira re-

---

be commenced after the earlier of—
  (1) the later of—
  (A) 2 years after the entry of the order for relief; or
  (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs

before the expiration of the period specified in subparagraph (A).

**7.** Section 549(d) states in relevant part, "An action or proceeding under this section may not be commenced after the earlier of—(1) two years after the date of the transfer sought to be avoided."

ceived an avoidable preference or an avoidable postpetition transfer. *Seta Corp. v. Atlantic Computer Sys. (In re Atlantic Computer Sys.)*, 173 B.R. 858, 862 (S.D.N.Y.1994); *In re Southern Air Transport, Inc.*, 294 B.R. 293, 296 (Bankr. S.D.Ohio 2003); 4 *Collier on Bankruptcy* ¶ 502.05[2][a] at 502–59 (section 502(d) envisions a judicial determination of avoidability, whether obtained in the context of a claim objection, a declaratory judgment action or an adversary proceeding).

■ B. *The Trustee's Objection under Section 510(c) Is not Untimely.* Divine correctly contends that any objection to the Claim not raised within the period prescribed by Article IV.A.1. of the Plan, which has now expired, is barred by *res judicata. See Cohen v. TIC Fin. Sys. (In re Ampace Corp.)*, 279 B.R. 145, 152–53 (Bankr.D.Del.2002). There is no dispute, however, that the Claim Objection was filed within the applicable period. It may be the case, therefore, that divine is merely warning the Trustee against making any *new* objection to the Claim, which appears to be the focus of divine's response. Divine also contends, however, that the Claim Objection does not sufficiently plead a basis for equitably subordinating the Claim under section 510(c) of the Bankruptcy Code, apparently because the Claim Objection, according to divine, does not describe the estate's damages from Intira's allegedly wrongful conduct, thus possibly raising an issue whether the Trustee's request under section 510(c) of the Bankruptcy Code is untimely.

I find, however, that the Claim Objection gave divine sufficient notice of the damages element of the Trustee's equitable subordination request, in addition to alleging Intira's wrongful conduct, for purposes of Fed.R.Civ.P. 8(a). *See generally* 4 Wright & Miller, *Federal Practice and Procedure* § 1216 (2d ed.2003) at 154–63.

The Claim Objection states that Intira wrongfully retained the servers until Metiom made the $92,627 payment, which the Claim Objection alleges was improper in and of itself. The Trustee should be free, therefore, to present evidence supporting equitable subordination under section 510(c) based on that fact pattern, which would include not only evidence of damages flowing from Intira's delay in returning the servers until paid, but also evidence with respect to why Intira's request for the $92,627 payment was a wrongful demand. Such evidence would relate to, among other things, and damages resulting from Intira's alleged refusal to terminate the netsourcing contract until paid and from Intira's allegedly unauthorized reformatting of the servers while it held out to be paid for what divine contends were valuable ordinary course postpetition services.

■ C. *No Effect Should Ascribed to the Claim Assignment.* Divine contends that because Intira, not divine, received the allegedly avoidable transfers, section 502(d) of the Bankruptcy Code does not apply to the Claim after its assignment to divine. Divine bolsters this argument by stating that it did not acquire Intira's cash on hand in the bankruptcy sale, and, therefore, divine could not have received any cash proceeds of, and could not have benefitted from, the allegedly avoidable transfers.

To support its argument, divine relies solely on the language of section 502(d) of the Bankruptcy Code, but the statute's plain meaning actually supports the Trustee's position. Section 502(d) disallows the *claim,* provided that an entity received an avoidable transfer while it held the claim. As far as section 502(d) is concerned, the fact that divine purchased the Claim is irrelevant unless divine, too, received an avoidable transfer. Thus, in prescribing

that "the court shall disallow any claim of any entity ... that is a transferee of a transfer avoidable under section 547 ... [or] 549 of this title, unless such entity or transferee has paid the amount ... for which such entity or transferee is liable," section 502(d) disallows *the claim* unless the entity that held the claim when it received an avoidable transfer pays the amount for which it is liable. The claim and the defense to the claim under section 502(d) cannot be altered by the claimant's subsequent assignment of the claim to another entity, like divine, that has not received an avoidable transfer. Permitting a claim assignment to destroy a claim defense under section 502(d) in such fashion would be a pernicious result. The assignment should not, and does not, affect the debtor's rights vis a vis the claim; it is incumbent, instead, on prospective assignees to take into account possible claim defenses when they negotiate the terms of their assignments.

██ This reading of section 502(d) conforms with the established rule that the assignee of a non-negotiable instrument is subject to all of the equities and burdens that attach to the property assigned, because the assignee receives no more than the assignor possessed. *State Bank of India v. Walter E. Heller & Co., Inc.*, 655 F.Supp. 326, 331 (S.D.N.Y.1987); *Citibank N.A. v. Tele/Resources, Inc.*, 724 F.2d 266, 269 (2d Cir.1983); *Robischon, M.D. v. Genesee Valley Medical Care, Inc.*, 92 Misc.2d 854, 401 N.Y.S.2d 379, 381 (N.Y.Sup.1977), *aff'd. sub nom Robischon v. Genesee Valley*, 65 A.D.2d 681, 411 N.Y.S.2d 480 (4th Dep't.1978); 6 *Am. Jur.2d Assignments* § 149 (same); N.Y. General Obligations Law § 13–105 (McKinney's 2003); Fortgang & Mayer, *Trading Claims and Taking Control of Corporations in Chapter 11*, 12 Cardozo L.Rev. 1, 13 (1990) ("[A] claim or interest in the hands of a purchaser has the same rights and disabilities as it did in the hands of the original claimant or shareholder."). The case most directly on point stated the rule over a century ago. *See Swarts v. Siegel*, 117 F. 13 (8th Cir.1902), in which the Eighth Circuit applied the predecessor of section 502(d) of the Bankruptcy Code to disallow a claim in a proceeding under the Bankruptcy Act of 1898 because the original holder had received a preference. "The disqualification of a claim for allowance created by a preference inheres in and follows every part of the claim, whether retained by the original creditor or transferred to another, until the preference is surrendered." *Id.* at 15.[8]

### Conclusion

For the foregoing reasons, divine's deemed motion to dismiss the Claim Objection is denied. The Trustee and divine shall schedule a pre-hearing conference at which the parties shall propose a discovery schedule and otherwise raise any issues

---

8. At oral argument counsel for divine confirmed that divine did not contend that it bought the Claim under section 363(f) of the Bankruptcy Code free and clear of Metiom's defenses under section 502(d). Given Metiom's lack of *notice of the assignment* under Bankruptcy Rule 3001(e) as well as the apparent lack of notice of Intira's section 363(b) sale hearing, such an argument would have been untenable. *Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 265–66 (3d Cir.2000). However, even if Metiom had been provided with adequate notice of the proposed sale to divine, section 363(f) of the Bankruptcy Code, which under certain circumstances permits a bankruptcy sale "free and clear of any interest in such property of an entity other than the estate," would not deprive the Trustee of a *defense* under section 502(d) of the Bankruptcy Code, where the Trustee does not seek to pursue any affirmative claim that could have attached to the sale proceeds. *Id.* at 259–60.

regarding the application of Part VII of the Bankruptcy Rules in this proceeding.

It is SO ORDERED.