■ FERRANTE IMMOBILIARE, LLC, et al., Appellants-Respondents, v GUIDO A. PACE et al., Defendants. GUIDO A. PACE et al., Third-Party Plaintiff, v VANGUARD CONSTRUCTION AND DEVELOPMENT CO., INC., Third-Party Defendant-Respondent-Appellant. [891 NYS2d 27]—

Plaintiffs argue that because Vanguard never substantially completed its work under the contract, the statute of limitations never commenced to run, and that the March 30, 2005 settlement agreement does not necessarily mark the accrual date of their negligence and breach of contract claims since neither a certificate of substantial performance nor a final certificate for payment has ever been issued by the architect Pace as required by the original contract. These arguments are without merit.

In their original complaint, in which the claims of negligence and breach of contract were only alleged against defendant architect Pace and defendant engineer Goldman Copeland Associates, and in which the general contractor, Vanguard, was not a named party, plaintiffs admitted that "[b]y late 2003, Vanguard completed the Project and the Firm moved into the remaining space at the Premises." Subsequently, however, in their proposed amended complaint seeking to add breach of contract and negligence claims against Vanguard, plaintiffs, for obvious reasons, omit such allegation and allege instead that "[b]y late 2003, the Firm moved into the remaining space at the Premises, while work on the HVAC, plumbing and electrical systems was ongoing," which work "was never substantially completed."

Article 14 of the standard AIA agreement with Vanguard defines substantial completion as "the stage in the progress of the Work when the Work . . . is sufficiently complete in accordance with the Contract Documents so that the Owner can occupy or utilize the Work for its intended use." It further provides that final payment will be made after the architect issues a certificate of substantial completion and a final certificate for payment in which it states that it had determined to the best of its knowledge that the work had been completed in accordance with the terms and conditions of the contract. Ac-

cording to section 14.5.1 of the contract, the architect's final certificate for payment constitutes a further representation that the conditions precedent to Vanguard's being entitled to final payment of the entire balance found to be due it have been fulfilled.

Although the March 30, 2005 settlement agreement does not state when Vanguard's obligations under the contract are deemed substantially (or entirely) complete, or that Vanguard was otherwise absolved from all of its remaining responsibilities under the contract, the settlement agreement stresses that Vanguard, which had already completed or abandoned the project, was to receive its final payment under the contract. The settlement agreement also does not indicate that Vanguard has any further obligations under the contract.

Further, it is clear that after the architect Pace advised plaintiffs on January 20, 2005 that Vanguard was unwilling to return to the work site to actually do some unspecified work and that Pace would sign off on the project "when all the issues are resolved," plaintiffs and Vanguard bypassed the architect (whom plaintiffs later sued for breach of contract and negligent design and supervision) and entered into the March 30, 2005 settlement agreement in which they agreed that plaintiffs would pay Vanguard $13,500 "as final payment under the Agreement." In the agreement, plaintiffs stated that, as of that date, they were "unaware of any defects or negligence in connection with the Project," while they retained their rights, if any, with respect to any claims based upon any subsequently discovered defects in workmanship.

Thus, the statute of limitations on plaintiffs' negligence and breach of contract claims, which arguably accrued as early as late 2003, clearly began to run, at the latest, on March 30, 2005, the date of execution of their settlement agreement with Vanguard, which expressly provided that in consideration for the settlement plaintiffs would pay Vanguard the sum of $13,500 "as final payment under the Agreement" (see *Amedeo Hotels Ltd. Partnership v Zwicker Elec. Co.*, 291 AD2d 322, 323 [2002]). The original agreement with Vanguard provides, in pertinent part, that "[f]inal payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor where . . . the Contractor has fully performed the Contract." Therefore, inasmuch as the parties charted their own course and agreed to dispense with the architect's approvals preliminary to final payment under the original contract, there is no need to determine whether Vanguard's work was "substantially complete" within the meaning of that agreement.

Moreover, although the motion court, in its July 2, 2008 order, found that plaintiffs interposed their proposed negligence claim on March 25, 2008 when they filed their motion to amend the complaint, plaintiffs' filing of a supplemental summons and amended complaint on March 25, 2008 did not toll the three-year statute of limitations for negligence claims, since they failed to secure leave of the court or a stipulation signed by counsel for the parties (see CPLR 1003). Plaintiffs did not seek leave to amend the complaint until April 7, 2008, when their order to show cause was signed. Although the motion court erroneously found that its prior order dismissing the third-party complaint, in which it found that the negligence claim was time-barred, constituted the law of the case as to plaintiffs, plaintiffs' subsequent failure to timely move to amend their complaint renders that issue academic and, since the order to show cause could not have been submitted prior to April 2, 2008, the date of its supporting affirmation and affidavit, there is no need to determine when it was actually submitted.

Contrary to Vanguard's contention, plaintiffs' breach of contract claim is not precluded by the settlement agreement, which removed 14 enumerated items from the scope of the parties' agreement (the "excluded work") and precluded plaintiffs from suing Vanguard in respect of those items, but expressly preserved plaintiffs' claims for negligence and breach of warranty or defects in connection with the "included work." To the extent the motion court's order may be read to limit the relevant language, the settlement agreement, which preserved all claims for "defects, including, but not limited to, latent defects, and warranties for work remaining in the scope of the work under the Agreement," is controlling and dispositive of the issue. Whether the items alleged to be defective fall within the category of "excluded work" or "included work" is a factual determination that cannot be made on this record.

Finally, in view of the court's determination in its July 2, 2008 order that plaintiffs' proposed negligence claim against Vanguard was untimely, albeit for the wrong reason, i.e. the law of the case, plaintiffs' appeal from the December 4, 2007 order, to the extent it granted Vanguard's motion to dismiss the third-party complaint on the ground that the negligence claim was untimely, is academic. In light of our disposition, it is unnecessary to reach the parties' remaining contentions. Concur—Andrias, J.P., Sweeny, McGuire, Moskowitz and DeGrasse, JJ.