New York Univ. v Turner Constr. Co. (2018 NY Slip Op 04960)





New York Univ. v Turner Constr. Co.


2018 NY Slip Op 04960


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


7049 653535/15

[*1]New York University, et al., Plaintiffs-Appellants,
v
Turner Construction Company, Defendant-Respondent.


Pillsbury Winthrop Shaw Pittman LLP, New York (Edward Flanders of counsel), for appellants.
Friedman Kaplan Seiler & Adelman LLP, New York (Robert S. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 13, 2018, which granted defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint alleging breach of contract and negligence with regard to damages to plaintiffs' construction site as a result of flooding related to Hurricane Sandy, unanimously modified, on the law and facts, to reinstate all claims other than the negligence claim based on alleged defects in Smilow building and NYU/NYU School of Medicine's business interruption claim, and otherwise affirmed, without costs.
The complaint alleges that plaintiff NYU School of Medicine is an administrative department of plaintiff New York University, (herein NYU/NYU School of Medicine), and plaintiff NYU Hospitals Center (NYU Hospitals) is a separate not-for-profit corporation. Defendant's contention that they should be treated as a single entity is a factual issue not amenable to resolution on this motion to dismiss.
Contrary to defendant's contention, the 2009 Clinical Facility/Master Plan contract between NYU Hospitals and defendant is not incorporated into the 2011 Energy Building contract between NYU/NYU School of Medicine and defendant. While the 2011 Energy Building contract acknowledged that defendant's pre-construction services under the 2009 Clinical Facility/Master Plan contract would continue and overlap with construction under the 2011 Energy Building contract, the 2009 Clinical Facility/Master Plan contract, executed some two years earlier, with a different party and for a different phase of the work, was not included among the Energy Building contract documents, which contained a merger clause (cf. J. Remora Maintenance LLC v Efromovich, 103 AD3d 501 [1st Dept 2013], lv denied 21 NY3d 862 [2013]).
Accordingly, because the damages alleged here occurred during performance of the 2011 Energy Building contract, defendant's reliance on the waiver of claims provision in the 2009 Clinical Facility/Master Plan contract is misplaced. In any event, even if the waiver of claims provision of the 2009 Clinical Facility/Master Plan contract were incorporated into 2011 Energy Building contract, it only waived claims for damage adjacent to the Energy Building project that were actually covered by the separate insurance policy applicable to adjacent properties (Gap v Red Apple Cos., 282 AD2d 119, 123-124 [1st Dept 2001][waiver of claims for damage "caused by any risk insured against under any insurance polic[y]" only waived claims for insured portion of loss]; cf. Brito-Galbez v 841-853 Broadway Assoc., LLC, 110 AD3d 549, 549-550 [1st Dept 2013] [lease provision waiving claims for damage "of the type required to be covered" by insurance warranted dismissal of complaint]).
Defendant's argument that the FM Global policy covering adjacent properties was procured pursuant to section 11.4.1 of the 2011 Energy Building Contract and therefore claims against defendant for losses covered by it were waived pursuant to section 11.4.2, is unavailing insofar as the work site did not include the damaged adjacent buildings. Section 11.4.1 only [*2]required NYU/NYU School of Medicine to procure "necessary [] insurance for the Project ... upon the entire Work at the site."
Defendant's contention that plaintiffs' claims were barred by the waiver of claims in the Owner-Controlled Insurance Program (OCIP), procured pursuant to the 2011 Energy Building contract, is unavailing. The OCIP is not part of the 2011 Energy Building contract or contract documents, which contain a merger clause. Plaintiffs' interpretation of the OCIP waiver is consistent with the coverage provided by the OCIP and the waiver of claims covered by the Builder's Risk policy under sections 11.4.1 and 11.4.2 of the 2011 Energy Building contract, whereas defendant's interpretation of the OCIP waiver conflicts with the contract documents which state that the OCIP would not relieve defendant of any obligation to the owner.
We cannot conclude as a matter of law that the allegations in the complaint for property damages are not direct damages (see Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 805 [2014]). However, the waiver of consequential damages in the 2011 Energy Building contract, which was allegedly breached, specifically includes loss of use damages. Accordingly, NYU/NYU School of Medicine's claims for business interruption are barred.
Accrual of claims based on alleged construction defects in the Smilow building began to run upon completion of the work (Amedeo Hotels Ltd. Partnership v Zwicker Elec. Co., 291 AD2d 322, 322-323 [1st Dept 2002]). While "occupancy, partial or full, is simply a factor to be considered in ascertaining whether there has been completion" (Trustees of Columbia Univ. in City of N.Y. v Gwathmey Siegel & Assoc. Architects, 167 AD2d 6, 12 [1st Dept 1991]), the building was completed, at the latest, upon issuance of the certificate of occupancy (see Radmin v Bertani, 261 AD2d 598 [2d Dept 1999]). Inasmuch as plaintiffs acknowledge that a final certificate of occupancy for the Smilow building was issued more than three years before commencement of this action, their negligence claims are time-barred.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK