CARLEY CAPITAL GROUP, et
al., Appellants,

v.

FIREMAN'S FUND
INSURANCE COMPANY.

No. 86–7096.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 17, 1989.

As Amended Dec. 29, 1989.

SUPPLEMENTAL OPINION

Before RUTH BADER GINSBURG
and SILBERMAN, Circuit Judges, and
ROBINSON, Senior Circuit Judge.

Opinion for the Court filed PER
CURIAM.

PER CURIAM:

Shortly after rendition of our opinion and judgment but before issuance of the mandate on this appeal,[1] we were advised that appellants[2] had gone into involuntary bankruptcy and, at the time we acted, were involved in a proceeding under Chapter 11 of the Bankruptcy Code.[3] This information posed the question whether Section 362(a)(1) of the Code,[4] which provides for an automatic stay of certain non-bankruptcy activities in specified situations, had intercepted the appeal and thus temporarily precluded any disposition thereof.[5] The mandate has been withheld pending resolution of this problem.

With exceptions inapposite to the case before us, Section 362(a)(1) stipulated, among other things, that a petition initiating an involuntary bankruptcy case

operates as a stay, applicable to all entities, of ... the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.... [6]

1. See Carley Capital Group v. Fireman's Fund Ins. Co., 278 U.S.App.D.C. 143, 877 F.2d 78 (1989).

2. Carley Capital Group, David Carley and James Carley. See id. at 144 n. 1, 877 F.2d at 79 n. 1.

3. 11 U.S.C. §§ 1101–1174 (1982 & Supp. V 1987).

4. Id. § 362(a)(1) (1987), quoted in relevant part text infra at note 6.

5. We understand that the petition seeking involuntary bankruptcy was filed in March, 1989, and that the proceeding was channeled under Chapter 11 in April. Consequently, if a statutory stay went into effect at all, it did so prior to announcement of our opinion and judgment on June 6.

6. 11 U.S.C. § 362(a)(1) (Supp. V 1987).

We readily agree that this unambiguous provision "by its terms only stays proceedings *against* the debtor," [7] and "does not address actions brought *by* the debtor which would inure to the benefit of the bankruptcy estate." [8] Particularly in light of underlying legislative objectives,[9] it could hardly be read any other way.

The case at bar originated as an action by appellants against Fireman's Fund Insurance Company to recover monies allegedly due on a contract of insurance. No counterclaim or cross-claim was ever asserted. The District Court entered summary judgment in favor of Fireman's Fund, whereupon appellants came to this court.[10] Our judgment reversed and remanded the case for further proceedings. In these circumstances, we hold that the automatic stay provision had no proper role respecting this disposition, and that the mandate should now issue forthwith.

*So ordered.*

7. *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 448 (3d Cir.1982) (emphasis in original). Accord, *In re Berry Estates,* 812 F.2d 67, 71 (2d Cir.1987) (citing cases); *Freeman v. Commissioner,* 799 F.2d 1091, 1093 (5th Cir.1986); *Cathey v. Johns–Manville Sales Corp.,* 711 F.2d 60, 61 (6th Cir.1983); *cf. Ingersoll–Rand Fin. Corp. v. Miller Mining Co.,* 817 F.2d 1424, 1426–1427 (9th Cir.1987). See also 1 Collier Bankruptcy Manual § 362.03[1] at 362–11 to 362–15 (3d ed.1979).

8. *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., supra* note 7, 682 F.2d at 448 (emphasis in original).

9. In pertinent part, the report of the House Judiciary Committee stated:

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy.

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors....

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 340 (1977) *reprinted in* [1978] U.S.Code Cong. & Admin. News 5963, 6296–6297. See also S.Rep. No. 95–989, 95th Cong. 2d Sess. 54–55 (1978) *reprinted in* [1978] U.S.Code Cong. & Admin.News 5787, 5840–5841 (Senate Judiciary Comm.).

10. We do not mean to imply that we would conclude differently if Fireman's Fund were the party appealing. We simply do not address that situation. We realize that it has been held that "whether an action is by or against a debtor is determined by the debtor's status at the time the action was begun, not by who was ahead when the bankruptcy petition was filed." *In re Berry Estates, supra* note 7, 812 F.2d at 71 (citing cases). Accord, *Association of St. Croix Condominium Owners v. St. Croix Hotel Corporation, supra* note 7, 682 F.2d at 449. In the case before us, however, it suffices to point out simply that appellants have been aggressors throughout.