**PAL AIR INTERNATIONAL, INC., Plaintiff-Appellant,**

**v.**

**JAMES PORTER, CONSTANCE PORTER, and SAMOA
AVIATION, INC., Defendants-Appellees.**

High Court of American Samoa
Appellate Division

AP No. 16-96
CA No. 70-95

April 9, 1997

Before KRUSE, Chief Justice, GOODWIN[*], Acting Associate Justice, WALLACE,[**] Acting Associate Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Appellant, Marshall Ashley, P.C.
    For Appellees, Arthur Ripley, Jr. and James W. Hardesty

OPINION

WALLACE, Acting Associate Justice.

Porter moves to dismiss this appeal for lack of jurisdiction. We conclude that the Trial Division erred in dismissing Pal Air International's motion for reconsideration or new trial under A.S.C.A. § 43.0802(a).

In *Ailua v. Maga Family*, Appellate No. 25-76 (October 10, 1978), this court held that for filing a notice of appeal, "[t]ime is computed as

---

[*] Honorable Alfred T, Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the secretary of the Interior.
[**] Honorable J. Clifford Wallace, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the secretary of the Interior.

1

provided for in Rule 6(a), Fed. R. Civ. P." American Samoa has its own Rule 6(a), which is identical in all relevant respects to Federal Rule 6 (a). We conclude that T.C.R.C.P. Rule 6(a) applies to motions for reconsideration or a new trial under section 43.0802(a).

T.C.R.C.P. Rule 6(a) states in part: "In computing any period of time prescribed or allowed by these .rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." In this case, the court entered its order on November 1, 1996. Thus, the 10-day period under Section 43.0802(a) began on November 2, 1996.

Since we use November 2, 1996, as our starting date, the 10-day period normally would have ended on November 11, 1996. Yet November 11 was Veterans Day, a holiday listed in Rule 6(a), "in which event the [10-day] period runs until the end of the next day." Thus, the final day for filing the motion for a new trial under section 43.0802 (a) was November 12, 1996. Pal Air filed its motion for a new trial on November 12, 1996, so the Trial Division erred in dismissing Pal Air's motion for a new trial. Thus, we deny Porter's motion to dismiss this appeal for lack of jurisdiction.

This holding is consistent with our decision in *Taulaga v. Patea*, 17 A.S.R.2d 34 (App. Div. 1990). In *Taulaga*, we discussed section 43.0802(b) and its relevant time periods: "September 4, 1989, the tenth day after the entry of judgment, was a legal holiday. The notice of appeal was therefore due on September 5." *Id.* at 35. That rationale mirrors this case, where the tenth day after the entry of judgment was a legal holiday, so the motion for a new trial was due the next day.

The Trial Division quoted *Patau v. Hildre*, 27 ASR2d 84, 85 (Trial Div. 1995), for the proposition that "Rule 6(a) is not intended to modify or change an existing statute of limitations, and it cannot, of its own force, extend a substantive limitation period prescribed by statute, nor does it attempt to change or modify a jurisdictional statute, such as a statute of limitations." While Rule 6(a) may not apply to the computation of a statute of limitations (an issue we need not decide), it surely applies to section 43.0802(a), which sets forth the filing deadline for a motion for reconsideration or new trial.

█ Pal Air's filing for bankruptcy does not alter our analysis. Although the stay provisions of 11 U.S.C. § 362(a) may apply to American Samoa, *see Southwest Marine of Samoa v. S & S Contracting*, 5 A.S.R.2d 70, 81-84 (Trial Div. 1987), they do not apply in this case. Section 362(a) only applies when a creditor files an action against a debtor. It "does not address actions brought *by* the debtor which would inure to the benefit of

2

the bankruptcy estate." *Carley Capital Group v. Fireman's.Fund Insurance Co.*, 889 F.2d 1126, 1127 (D.C. Cir. 1989) (per curiam) (citation and quotation marks omitted). Since Pal Air, the debtor, brought the action in this case, section 362(a) is inapplicable.

Motion DENIED.