[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO REARGUE
On January 27, 2000, this Court issued a written Memorandum of Decision granting the plaintiff's Motion to Substitute Party Plaintiff and denying the defendants' Motions to Dismiss for lack of subject-matter jurisdiction.[1] In so ruling, the Court determined, inter alia, that notwithstanding the plaintiff's threshold lack of standing to prosecute this action due to her prior filing of a bankruptcy petition under Chapter 7 of the Federal Bankruptcy Code, it had subject-matter jurisdiction over the action for the limited purpose of deciding her Motion to Substitute Party Plaintiff. In the exercise of that limited jurisdiction, the Court granted the Motion to Substitute upon finding that the requirements of General Statutes § 52-109
had been satisfied.
Defendants Yale-New Haven Hospital, Yale University School of Medicine, County Obstetrics Gynecology Group, P.C., Scott Casper, M.D., Babak Edraki, M.D., Vinita Parkash, M.D. and Peter Schwartz, M.D. (collectively, "the defendants")[2] have moved this Court, pursuant to Section 11-12 of the Connecticut Practice Book, for reargument of their Motion to Dismiss, claiming that "the Court may have overlooked an additional reason contained in [their legal] memoranda that warrants dismissal of this action." Motion to Reargue, p. 1. They claim, in particular, that the Court did not address, in its Memorandum of Decision, "the undisputed fact that the debtor by exercising control over property of the estate violated the Automatic Stay imposed by the bankruptcy code. 11 U.S.C. § 362(a)(3)." Id.
The Court agrees with the defendants that it did not address, in its Memorandum of Decision, their legal argument that the plaintiff was barred from commencing this action by the automatic stay provisions of 11 U.S.C. § 362(a)(3). Accordingly, it invited the parties to submit further written legal arguments on that issue and advised them that it would decide, on the basis of those arguments, whether or not to modify its earlier ruling on the Motion to Dismiss. The instant Memorandum of Decision CT Page 2890 responds directly to the defendants' claim under11 U.S.C. § 362(a)(3).
11 U.S.C. § 362(a)(3) operates to stay "any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate." The defendants argue, and this Court has already ruled, that the claims presented in this lawsuit are the property of the bankruptcy estate. Asserting that the very act of filing this lawsuit constituted an exercise of control over property of the estate, the defendants insist that this action was void ab initio
under 11 U.S.C. § 362(a)(3).
In response to the Motion to Reargue, the plaintiff asserts that in light of it legislative history and controlling federal case law, 11 U.S.C. § 362(a)(3) applies only to proceedingsagainst a bankrupt debtor, not to actions brought by them. For the following reasons, the Court agrees.
The legislative history of the automatic stay provisions of § 362 is found in the report of the House Judiciary Committee, which provides:
 "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy." H.R. Rep. No. 95-595, 95 Cong., First Sess. 340 (1977), Reprinted in 1978, U.S. Code Cong. and Admin. News, 5963, 6296-6297. See also S. Rep. No. 95-989, 95th Cong., Second Sess. 54-5 (1978), Reprinted in 1978, U.S. Code Cong. and Admin. News, 5787, 5840-5841 (Sen. Judiciary Committee) AP H.R. Rep. 95-595, § 362. Automatic Stay, p. 716; AP S. Rep. 95-989; § 362. Automatic Stay, p. 122.
Consistent with the foregoing commentary, federal cases construing 11 U.S.C. § 362(a)(3) have consistently limited its application to proceedings against debtors, not actions brought by them.
In Carley Capital Group v. Fireman's Fund Insurance Company,889 F.2d 1126 [889 F.2d 1126], (D.C. Cir. 1989), for example, the United CT Page 2891 States Court of Appeals for the D.C. Circuit Court addressed an issue analogous to the one raised by the Motion to Reargue. In Carley,
the insureds brought an action against their insurance company seeking recovery for the loss of a building destroyed by fire. The trial court entered judgment in favor of the insurance company. Before an appeal of the judgment was filed by the insureds, an involuntary bankruptcy petition was filed against them. Despite the filing of the bankruptcy petition, the insureds appealed from the judgment which had been entered against them.
The insurance company responded to the insureds' appeal by claiming that the appeal could not be brought because the bankruptcy proceeding operated as an automatic stay. In finding that the automatic stay provisions did not prevent the debtors from proceeding with the appeal, the D.C. Circuit flatly stated:
 We readily agree that this unambiguous provision "by its terms only stays proceedings against the debtor", and "does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." Particularly in light of underlying legislative objectives, it could hardly be read any other way.
Id. at 1127.
Similarly, in Martin-Trigona v. Champion Federal Savingsand Loan Assn., 892 F.2d 575, 577 (7th Cir. 1989), the United States Court of Appeals for the Seventh Circuit have declared that:
 [T]he automatic stay is inapplicable to suits by the bankrupt (`debtor', as he is now called). This appears from the statutory language, which refers to actions `against the debtor,' 11 U.S.C. § 362(a)(1), and to acts to obtain possession of or exercise control over `property of the estate,' § 362(a)(3), and from the policy behind the statute, which is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors. H.R. Rep. No. 595, 95th, Cong., 1st Sess. 340 (1977), U.S. Code Cong. Admin. News 1978, p. 5787.
In reaching this decision, the 7th Circuit took pains to note that it was following prior decisions by the Second and Third CT Page 2892 Circuits, which had "held the automatic stay applicable only to actions against the bankrupt or to seizures of property of the bankrupt." Id. (citing In re Berry Estates, Inc., 812 F.2d 67, 71
(2d Cir. 1987); Association of St. Croix Condominium Owners v.St. Croix Hotel Corp., 682 F.2d 446, 448 (3rd Cir. 1982)).
Mrs. DiLieto's action in initiating the medical negligence claim was not an attempt to seize the property of the estate before the trustee had a chance to marshal the estate's assets and distribute them equitably among the creditors. Since the estate remains open, there has been no inequitable distribution of the estate's assets by the Trustee, and no creditor has been prejudiced. Furthermore, the Bankruptcy Trustee has specifically authorized and ratified the debtor's pursuit of this claim, which ultimately benefits the bankruptcy estate and creditors.
Congress plainly intended the automatic stay provisions of11 U.S.C. § 362 to protect the debtor, the property of the bankruptcy estate and the property of the debtor; the stay was not designed to protect third parties; except to the extent that third parties generally benefit from preservation of the debtor's assets. See Matter of Russell Corp., 156 B.R. 347 (Bkrtcy. N.D. Ga. 1993). The automatic stay under § 362 applies to actions filed against the debtor rather than by the debtor. Victor Foods,Inc. v. Crossroads Economic Development of St. Charles County,Inc., 977 F.2d 1224 (8th Cir. 1992). Accord, Mesiti v. Microdot,Inc., 156 B.R. 113 (D.N.H. 1993); Matter of U.S. Abatement Corp.,152 B.R. 78 (E.D.La. 1993); In Re Financial News Network, Inc.,158 B.R. 570 (S.D.N.Y. 1993).
For all of the foregoing reasons, the Court hereby declines to revoke or to modify its prior denial of the defendants' Motion to Dismiss.
Michael R. Sheldon, J.