**In re Roger Scott BRYNER, Debtor.**

**Roger Scott Bryner, Plaintiff–Appellant,**

**v.**

**L. Miles LeBaron, Mr. and Ms. Brandon Gillespie, Defendants–Appellees.**

**BAP No. UT–09–048.**
**Bankruptcy No. 08–26804.**
**Adversary No. 08–02277.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

March 15, 2010.

Submitted on the briefs: * Roger Scott Bryner, pro se.

L. Miles LeBaron and Tyler J. Jensen of LeBaron & Jensen, P.C., Layton, UT, for Defendants–Appellees.

Before MICHAEL, BROWN, and KARLIN, Bankruptcy Judges.

## OPINION

MICHAEL, Bankruptcy Judge.

In this appeal, we are asked to decide whether defendants in a state court action brought by a debtor in bankruptcy may take steps to defend themselves. Debtor says such actions are prohibited by the automatic stay provisions of 11 U.S.C. § 362. The defendants argue that actions taken to defend an action brought by a debtor are permissible. The bankruptcy court agreed with the defendants, dis-

missed the debtor's adversary proceeding seeking damages for a stay violation, and entered an order allowing the defendants to defend themselves in state court. Debtor appeals. Finding no error, we affirm.

## I. BACKGROUND FACTS

Prior to filing bankruptcy, debtor Roger Scott Bryner ("Bryner") filed suit against Brandon and Amy Gillespie in Utah state court.[1] Bryner obtained a default judgment against the Gillespies (the "Default Judgment") on June 4, 2008. A writ of garnishment in the amount of $1,999 was issued on June 19, 2008. Bryner then garnished the Gillespies' account at America First Credit Union.[2] On July 2, 2008, the Gillespies moved to set aside the Default Judgment which was set for hearing on October 31, 2008.[3] On October 7, 2008, Bryner filed his petition for Chapter 13 relief. At the hearing on the motion to set aside the Default Judgment, the state court was apprised of Bryner's bankruptcy filing and decided to take no further action until it was satisfied that further proceedings before it would not be considered to violate the automatic stay.[4]

On November 3, 2008, Bryner: 1) obtained a second writ of garnishment; and 2) filed this adversary proceeding against the Gillespies and their counsel, L. Miles LeBaron, alleging violations of the automatic stay. After being served with Bryner's second writ of garnishment, the Gilles-

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. Nothing in the record on appeal indicates the nature of the state court action. The state court docket sheet reflects only "Case Number 080408547 Contracts." See State Court Docket at 1, in Appellant's App. at 36.

2. Defendants' Motion for Summary Judgment at 2, in Appellant's App. at 14. America First Credit Union continues to have control over the garnished funds pending resolution of these proceedings.

3. Id.

4. See 10–31–08 Minute Entry on State Court Docket at 5–6, in Appellant's App. at 40.

pies filed a reply and requested a hearing.[5] At a December 1, 2008, hearing, the state court again declined to act on the motion to set aside the Default Judgment or the second writ, because Bryner had filed a motion to recuse.[6]

Following Bryner's amended complaint in this adversary proceeding, the Gillespies and LeBaron (hereafter collectively the "Gillespies") filed a motion for summary judgment. The Gillespies argued that any actions they took in state court regarding the Default Judgment and writs of garnishment were merely defensive in nature, and therefore did not constitute violations of the automatic stay.[7] Bryner opposed the Gillespies' motion for summary judgment and sought summary judgment in his favor.[8]

On July 30, 2009, the bankruptcy court held a hearing on the motions and ruled from the bench in favor of the Gillespies.[9] On August 13, 2009, the bankruptcy court entered a written order incorporating the findings and conclusions made on the record, granting summary judgment, dismissing the adversary proceeding, and ordering "the parties may proceed in the State Court, Civil Case Number 080408547, and

that as far as this Court is concerned, there is no prohibition to continue in the State Court action."[10] On August 24, 2009, Bryner timely lodged this appeal.

## II. APPELLATE JURISDICTION

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[11] Neither party elected to have this appeal heard by the United States District Court for the District of Utah. The parties have therefore consented to appellate review by this Court.

A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[12] In this case, the bankruptcy court's order dismissed the adversary proceeding and thus is final for purposes of review.

## III. STANDARD OF REVIEW

■ A ruling on summary judgment is reviewed *de novo*, applying the same legal standard used by the bankruptcy court.[13]

5. *Defendants' Motion for Summary Judgment* at 4, *in* Appellant's App. at 16.

6. *12–1–08 Minute Entry on State Court Docket at 7, in* Appellant's App. at 42. Bryner had also filed a "notice of violation of bankruptcy stay," and a "notice of removal of action to federal court." *State Court Docket at 7–8, in* Appellant's App. at 42–43. There is nothing in the record on appeal to suggest that Bryner took steps to properly remove the action pursuant to Federal Rule of Bankruptcy Procedure 9027.

7. *Defendants' Motion for Summary Judgment, in* Appellant's App. at 13.

8. *Verified Memorandum in Opposition to Motion of Defendant (sic) and in Support of Motion for Summary Disposition by Plaintiff, in* Appellant's App. at 58.

9. *Transcript of Proceedings held July 30, 2009 ("Transcript"), in* Appellant's App. at 97–108.

10. *Summary Judgment Order* at 2, *in* Appellant's App. at 110.

11. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002; 10th Cir. BAP L.R. 8001–1.

12. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

13. *Kojima v. Grandote Int'l Ltd. Liability Co. (In re Grandote Country Club Co., Ltd.)*, 252 F.3d 1146, 1149 (10th Cir.2001).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." [14] "In reviewing a summary judgment motion, the court is to view the record 'in the light most favorable to the nonmoving party.' " [15]

■ The issue presented is a legal question of statutory interpretation. Legal questions are reviewed *de novo*.[16] *De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision.[17]

## IV. ANALYSIS

■ Bryner filed this adversary proceeding alleging the Gillespies violated the stay that is automatically imposed by 11 U.S.C. § 362 when a bankruptcy petition is filed.[18] At issue in this matter is the breadth of the stay provisions articulated in § 362(a)(1) & (3), which provide:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employ-

ment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ...

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.] [19]

At trial, Bryner maintained the Gillespies violated these provisions when they filed their motion to set aside the Default Judgment. The bankruptcy court was not persuaded. Based on the uncontroverted material facts, and citing to *In re Financial News Network, Inc.*,[20] *In re White*,[21] and *Morganroth & Morganroth v. DeLorean*,[22] the bankruptcy court concluded as a matter of law that defending one's rights in a state court action brought by a debtor is not a violation of the automatic stay.[23]

On appeal, Bryner argues the Gillespies' filing of the motion to set aside the Default Judgment was

not "entirely defensive" but has a component which would impact the estate. Based upon the plain English of the 11 USC 362 and fact that $2000 belonging to the estate would evaporate if the action was successful, it is an action in

---

14. *Fed.R.Civ.P. 56(c)*.

15. *Grandote*, 252 F.3d at 1149 (quoting *Thournir v. Meyer*, 909 F.2d 408, 409 (10th Cir.1990)).

16. *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

17. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

18. Unless otherwise indicated, all future statutory references in text are to the Bankruptcy Code, Title 11 of the United States Code.

19. 11 U.S.C. § 362(a)(1) & (3).

20. 158 B.R. 570 (S.D.N.Y.1993).

21. 186 B.R. 700 (9th Cir. BAP 1995).

22. 213 F.3d 1301 (10th Cir.2000).

23. *Transcript* at 11, *ll.* 3–17, *in* Appellant's App. at 107.

violation of the stay more like filing a counterclaim or motion to dismiss is under existing case law.[24]

We disagree.

As correctly pointed out by the bankruptcy court and the litigants alike, there is no Tenth Circuit authority directly on point. However, *Morganroth & Morganroth v. DeLorean*,[25] does provide some insight. In that case, prior to the debtors filing bankruptcy, the plaintiffs brought suit to set aside a transfer of property as fraudulent. The district court granted partial summary judgment in favor of plaintiffs and, pursuant to Federal Rule of Civil Procedure 54(b), certified the judgment as final. The debtors appealed to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit").[26]

Bankruptcy proceedings were commenced while the appeal was pending, and the Tenth Circuit issued a show cause order regarding the effect of the automatic stay provision of § 362.[27] Thereafter, the Tenth Circuit determined the appeal was not impacted by the stay, commenting:

> Both sides assert that because the bankrupts are the appellants herein, this proceeding is not affected by the automatic stay. We agree. "[T]he automatic stay does not apply to the continued prosecution of actions by the trustee or debtor in possession. Those entities may continue or pursue litigation without leave of court (or release of stay under section 362)."[28]

This was the extent of the Tenth Circuit's discussion of the issue.

In the absence of controlling Tenth Circuit law, we turn to decisions of other courts for guidance. In *In re Financial News Network, Inc. ("Financial News")*, a Chapter 7 trustee filed a proof of claim in another debtor's Chapter 11 case.[29] The Chapter 11 debtor objected to the proof of claim, contending it had no liability on the asserted debt.[30] The Chapter 7 trustee failed to appear at the properly noticed status conference regarding the disputed claim, and the bankruptcy court sustained the Chapter 11 debtor's objection, disallowing the claim with prejudice.[31] The Chapter 7 trustee appealed, claiming the Chapter 11 debtor was required to seek relief from the automatic stay in the Chapter 7 case before filing its objection.

The district court affirmed the bankruptcy court's order, stating the automatic stay "does not prevent entities against whom the debtor proceeds in an offensive posture—for example, by initiating a judicial or adversarial proceeding—from 'protecting their legal rights.'"[32] The district court further opined:

> The purpose behind [ ] section 362 also indicates that the distinction between "offensive" and "defensive" actions of a party which affect the debtor's estate is an appropriate one to draw in determining the applicability of an automatic stay. The principal policy behind the automatic stay of section 362 is "to protect the bankrupt's estate from being

24. Appellant's Br. at 1.

25. 213 F.3d 1301 (10th Cir.2000).

26. *Id.* at 1305.

27. *Id.* at 1310.

28. *Id.* (quoting *Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1486 (10th Cir.1993)).

29. 158 B.R. 570 (S.D.N.Y.1993).

30. *Id.* at 571–72.

31. *Id.* at 572.

32. *Id.* at 573.

eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estates's assets and distribute them equitably among the creditors."

In objecting to [Chapter 7 debtor's] proof of claim filed in the New York Bankruptcy Court, [Chapter 11 debtor] acted in a defensive manner to protect its own legal rights and its own bankrupt estate. [Chapter 11 debtor] asserted no claim against [Chapter 7 debtor] which could be construed as an active attempt to recover property from [Chapter 7 debtor] or an act seeking to gain control or possession of any contract cause of action by [Chapter 7 debtor] against [Chapter 11 debtor]. This case is therefore to be distinguished from cases in which creditors of the bankrupt estate or other third parties initiate judicial proceedings or adversary proceedings in an active attempt to circumvent the automatic stay and control the property of the bankruptcy estate.[33]

In the case on appeal, the Gillespies, like the Chapter 11 debtor in *Financial News,* are acting in a defensive manner to protect their own legal rights.

In *In re White,*[34] prior to filing bankruptcy, the debtor was in a dispute over wages with the city that had employed him. The debtor demanded an arbitration of his claims against the city with a state agency.[35] The city filed an injunctive relief action in state court seeking to block arbitration. The debtor then filed a cross-complaint asserting the same wage claims. When the debtor filed for Chapter 11 relief, the city's demurrer to debtor's third amended cross-complaint was pending be-

fore the state court. Although the city suggested the entire case be stayed pending resolution of the bankruptcy case, the state court continued with a hearing on the demurrer, and when the debtor did not appear, sustained the demurrer without leave to amend.[36] The debtor then attempted, without notice to the city or the state court, to remove the action to bankruptcy court. Having no notice regarding removal, the state court dismissed the debtor's cross-complaint with prejudice.

The debtor filed a complaint in bankruptcy court seeking damages and alleging the city's demurrer and dismissal actions regarding his cross-complaint violated the automatic stay provisions. The city moved to dismiss for failure to state a claim and sought sanctions. The bankruptcy court dismissed the action, but denied sanctions, and the debtor appealed to the bankruptcy appellate panel of the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit BAP").

The Ninth Circuit BAP first explained:
[T]he primary purpose of § 362 is not applicable to offensive actions by the debtor in possession or bankruptcy trustee. Where the debtor has initiated a prepetition lawsuit against a creditor, the same policy considerations do not exist.

[T]he automatic stay is inapplicable to suits by the bankrupt ("debtor," as he is now called). This appears from the statutory language, which refers to actions "against the debtor," 11 U.S.C. § 362(a)(1), and to acts to obtain possession of or to exercise control over "property of the estate," § 362(a)(3), and from the policy behind the stat-

---

33. *Id.* (quoting *Martin–Trigona v. Champion Fed. Savs. & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir.1989)).

34. 186 B.R. 700 (9th Cir. BAP 1995).

35. *Id.* at 702.

36. *Id.* at 703.

ute.... There is ... no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, subsection (a)(3) is no more applicable than (a)(1) is.[37]

Applying this principle, the Ninth Circuit BAP concluded:

> In the instant case, Debtor initiated wage claims for monetary damages against the City, seeking arbitration by a state agency. In its defense, the City blocked the arbitration; it did not seek monetary damages. Then, Debtor filed a cross-complaint, to which the City demurred. Armed with a favorable decision, the City moved to dismiss the cross-complaint. Thus, the City was only defending itself against the Debtor's strategies.[38]

Accordingly, the Ninth Circuit BAP held the city did not violate the automatic stay by defending and ultimately obtaining dismissal of the state court action initiated by the debtor.

Additionally, the Ninth Circuit BAP found its earlier decision in *In re Merrick*[39] informative. In *Merrick*, prior to a debtor filing his Chapter 7 petition, defendants moved for summary judgment to dismiss a lawsuit filed by the debtor in state court. After the bankruptcy filing, the state court held a hearing on the motions and entered summary judgment in defendants' favor. The Chapter 7 trustee filed a complaint against the defendants in bankruptcy court for willful violation of the automatic stay

based on the defendants' post-petition pursuit of dismissal of the state court action. Because a debtor's lawsuit constitutes a chose in action that is property of the estate under § 541, the trustee, like Bryner in this case, argued that the defendants' motion to dismiss the lawsuit constituted a prohibited "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" under § 362(a)(3).[40]

The Ninth Circuit BAP was not persuaded:

> The automatic stay is a means of preserving the status quo for the trustee or the debtor. However, this primary objective is inapplicable to the trustee's offensive action, which need not be attended by a stay.
>
> This distinction is the basis for language in the various subsections of § 362(a), where the statute uses the language "against the debtor," § 362(a)(1); "against property of the estate," § 362(a)(2); or "to exercise control over property of the estate," § 362(a)(3). It is most unlikely that a contention by a defendant that the trustee's claim is unfounded can be equated with exercising dominion or control over property of the estate. The only place where the language permits a broader view is § 362(a)(8), where the automatic stay applies to the "commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." Thus, the operative subsections in the case at hand, (a)(1) and (a)(3), contemplate actions "against" the debtor and not "concerning" the debtor, which is much broader.[41]

---

37. *Id.* at 704 (quoting *Martin–Trigona*, 892 F.2d at 577) (citation omitted).

38. *Id.* at 707.

39. 175 B.R. 333 (9th Cir. BAP 1994).

40. *Id.* at 336.

41. *Id.* (citation, footnote, and emphasis omitted).

After stating it is clear that § 362 does not stay the hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit instituted by the debtor, the Ninth Circuit BAP concluded:

> Given this freedom for the debtor or the trustee to prosecute the debtor's claims, an equitable principle of fairness requires a defendant to be allowed to defend himself from the attack without imposing on him a gratuitous impediment in dealing with an adversary who suffers no correlative constraint. The automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate.... While it is true that a successful defense to a lawsuit eliminates its alleged value, this results in no loss to the estate, as the debtor admits. There can be no loss of what does not exist.[42]

As a result, the Ninth Circuit BAP held that defendants did not willfully violate the automatic stay by participating in motions for summary judgment. We find their analysis helpful in this case.

Bryner asserts the result should be different here because "a motion to vacate a judgment owned by the estate may be an offensive action under 11 USC 362 if it could result in the loss of the value of the [Default] Judgment."[43] On these facts, we do not see a meaningful distinction between this case and *Merrick*. First, the judgment Bryner obtained was a default judgment, and a motion to set aside a default judgment cannot seriously be considered "offensive" as opposed to "defensive." Additionally, under Bryner's theory, any type of post-judgment motion under Federal Rules of Civil Procedure 59 and 60 would also be "offensive," and thus prohibited. Moreover, after the state court refused to take action on the Gillespies' motion to set aside the Default Judgment for fear of violating the bankruptcy stay, Bryner obtained a second writ of garnishment and filed this adversary proceeding alleging stay violations. Principles of equity dictate that we not keep the Gillespies from defending themselves while Bryner continues the litigation.

## V. CONCLUSION

The bankruptcy court correctly determined that the automatic stay provisions of § 362 did not prevent the Gillespies from protecting their legal rights in the proceedings initiated against them by Bryner. The bankruptcy court's order dismissing Bryner's adversary proceeding is affirmed.

---

42. *Id.* at 338.

43. Appellant's Br. at 7.