

# NUMBER 13-17-00223-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

STACEY RENAE HAMMER,                                        Appellant,

v.

LEA C. NOELKE, JUDITH E. BRYANT,
AND NOELKE, ENGLISH, MAPLES,
ST. LEGER, BLAIR, LLP,                                        Appellees.

**On appeal from the 250th District Court
of Travis County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant Stacy Renae Hammer appeals the take-nothing judgment and permanent injunction that were rendered against her. By one issue, Hammer argues

that the trial court erred when it rendered judgment on the merits during the pendency of her automatic bankruptcy stay. We affirm in part and reverse and remand in part.

## I. BACKGROUND[1]

In 2014, Hammer filed suit against her former attorneys, appellees Lea C. Noelke, Judith E. Bryant, and the firm of Noelke, English, Maples, St. Leger, Blair, LLP. Hammer alleged various causes of action related to appellees' handling of her divorce.

During discovery, appellees learned that their attorney inadvertently produced privileged documents pertaining to other clients of the Noelke law firm. Appellees demanded that Hammer return the documents and filed a motion for temporary injunction. The trial court entered an agreed temporary injunction order requiring Hammer to return the documents and preventing disclosure of their contents.

Trial was originally set for April 18, 2016, but it was reset twice, first to December 5, 2016, and then to January 9, 2017. Meanwhile, Hammer filed for chapter 7 bankruptcy in Colorado on October 14, 2016, triggering an automatic bankruptcy stay. *See* 11 U.S.C.A. § 362(a) (West, Westlaw through P.L. 115-223). On December 16, 2016, she converted her petition to a chapter 13 bankruptcy. On December 19, 2016, a trustee was appointed for Hammer's bankruptcy estate.

This case was called to trial as scheduled on January 9, 2017. Appellees appeared, as did Hammer's bankruptcy trustee and her local counsel. However, Hammer and her lead counsel did not appear.

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.). Because this is a transfer case, we apply the precedent of the Third Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

The bankruptcy trustee moved for a four-month continuance. He testified that he had only learned of the case the week before and needed more time to evaluate the merits. The court denied the motion and commenced trial. With Hammer absent, no evidence was presented to support her case. The trial court rendered a take-nothing judgment against Hammer on all of her claims. Appellees then orally requested a permanent injunction to prohibit Hammer from disseminating or discussing appellees' confidential information and to mandate that she return any documents still in her possession. The trial court granted the permanent injunction.

Hammer appeals.

## II.    BANKRUPTCY STAY

By her sole issue on appeal, Hammer contends that the trial court erred in conducting a trial and rendering judgment against her in violation of the automatic bankruptcy stay. She contends that the stay prevented the trial court from finally disposing of her claims or granting appellees a permanent injunction.

Appellees respond that bankruptcy stays only affect suits "against the debtor." Appellees assert that the trial court therefore did not err when it disposed of Hammer's claims against them.

We review the trial court's findings of fact regarding the bankruptcy stay under the same legal and factual sufficiency standards used to review jury verdicts. *See Adeleye v. Driscal*, 544 S.W.3d 467, 473 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We review the trial court's legal conclusions concerning the bankruptcy stay de novo. *See id.*

3

Section 362 provides for an automatic stay of certain actions against the debtor and her bankruptcy estate upon the filing of a bankruptcy petition:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—

(1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, *against the debtor or against property of the estate*, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of *property of the estate* or of property from the estate or to exercise control over property of the estate;

11 U.S.C.A. § 362(a)(1)–(3) (emphasis added).

Section 362's automatic stay only applies to actions against the debtor or her estate. *See Sommers v. Concepcion*, 20 S.W.3d 27, 33 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (citing *Sanchez v. Hester*, 911 S.W.2d 173, 176 (Tex. App.—Corpus Christi 1995, orig. proceeding)). If a party who has not sought relief from the bankruptcy stay attempts to commence or continue a lawsuit against a debtor, the action taken is void. *Id.* at 34.

As a corollary to this rule, "the automatic stay is inapplicable to suits *by* the bankrupt . . . ." *In re Merrick*, 175 B.R. 333, 337 (B.A.P. 9th Cir. 1994) (emphasis in original) (quoting *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989)); *accord In re Bryner*, 425 B.R. 601, 606 (B.A.P. 10th Cir. 2010). The stay

4

does not prevent a debtor from continuing to prosecute her own claims, and it does not prevent a defendant from protecting its interests against claims brought by the debtor. *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011). This is true, even if the defendant's successful defense will result in the loss of an allegedly valuable claim asserted by the debtor. *Id.*[2]

Because Hammer was herself the debtor, Hammer's claims against appellees were not claims "against the debtor," and they therefore did not fall under the aegis of the automatic stay. *See Sommers*, 20 S.W.3d at 33. Also, appellees could defend themselves against Hammer's claims without violating the stay. *See Palmdale Hills*, 654 F.3d at 875. Consequently, the trial court did not violate the stay by holding a trial on these claims and rendering a take-nothing judgment thereon.

Appellees next argue that their counterclaim against Hammer for a permanent injunction should also be exempt from the automatic stay. We disagree. Appellees'

---

[2] This rule is derived from the text of section 362 and the policies that animate it:

This appears from the statutory language, which refers to actions "against the debtor," 11 U.S.C. § 362(a)(1), and to acts to obtain possession of or exercise control over "property of the estate," *id.* § 362(a)(3), and from the policy behind the statute, which is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors. The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other, and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, subsection (a)(3) is no more applicable than (a)(1) is.

*Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) (citations omitted).

request for a permanent injunction was a judicial action against the debtor in violation of the bankruptcy stay. *See* 11 U.S.C.A. § 362(a)(1); *Acands*, 435 F.3d at 260.[3]

Appellees' request for a permanent injunction is not saved from the automatic stay merely because it relates to a lawsuit that is not subject to the stay. "[W]ithin one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue." *Acands, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 260 (3d Cir. 2006); *accord Thomas v. Blue Cross & Blue Shield Ass'n*, 333 Fed. Appx. 414, 420–21 (11th Cir. 2009) (per curiam); *see McMillan v. MBank Fort Worth, NA*, 4 F.3d 362, 366 (5th Cir. 1993) (implying that a counterclaim against the debtor was subject to the automatic stay, whereas continuation of debtor's claim against third parties was proper).

Counterclaims asserted against a debtor in bankruptcy without permission of the bankruptcy court are violations of the automatic stay and are void.[4] *See Sommers*, 20 S.W.3d at 34. Therefore, Hammer's issue is sustained to the extent that she objects to the permanent injunction. Her issue is overruled to the extent that she complains of the take-nothing judgment.

---

[3] Appellees assert that this request was a defensive measure that was merely an outgrowth of discovery in Hammer's lawsuit. But the permanent injunction was not rendered as merely a discovery measure, it was a claim for substantial relief which required four elements to be satisfied before it could properly issue. *See 1717 Bissonnet, LLC v. Loughhead*, 500 S.W.3d 488, 500 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

[4] The fact that appellees sought injunctive relief rather than monetary relief does not alter our conclusion. *See Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 977 (N.D. Ill. 1992) (Easterbrook, J., sitting by assignment) (holding that a claim for injunctive relief against the debtor was barred by the automatic stay).

### III. Conclusion

We affirm the trial court's take-nothing judgment against Hammer. We reverse the trial court's order granting a permanent injunction. We remand the matter to the trial court for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 29th
day of November, 2018.

7